# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

**Civil Action No.**

KEITH PURSER,

    Plaintiff,

v.

DOUGLAS GILLILAND, individually,
TAURUS OF TEXAS GP, LLC (a Texas limited liability company),

    Defendants.

## COMPLAINT

Plaintiff Keith Purser for his Complaint against Defendants Douglas Gilliland ("Gilliland") and Taurus of Texas GP, LLC, states and alleges as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction, under 28 U.S.C. § 1332, given that the amount in controversy exceeds $75,000 and the parties are completely diverse:

    a. Plaintiff Keith Purser is an individual whose address is 895 23 Road Grand Junction, Colorado 81505.

    b. Defendant Douglas Gilliland is an individual whose last known address, upon information and belief, is 55 Main Street Suite 300, Colleyville, Texas 76034.

      c.    Defendant Taurus of Texas GP, LLC ("Taurus") is a Texas limited liability corporation with an address of 9285 Huntington Square, North Richland Hills, Texas 76180. Upon information and belief after reviewing public records, Defendant Gilliland is the sole member of Taurus.

2.    The Court has personal jurisdiction over the Defendants, under C.R.S. § 13-1-124, given that:

      a.    Taurus owns several real properties situated in Colorado, which are legally described hereunder (the "Taurus Properties"):

LOT 1 CANYON WEST SUBDIVISION PER PLAT AT RN 3015269 RECORDED 1-10-22 MESA CO RECDS SEC 32 1N 1W UM - 13.39 ACRES

LOT 2 CANYON WEST SUBDIVISION PER PLAT AT RN 3015269 RECORDED 1-10-22 MESA CO RECDS SEC 32 1N 1W UM - 23.13 ACRES

LOT 1 MOSAIC SUBDIVISION SEC 31 1N 1W UM - 68.20AC

      b.    Defendants Gilliland and Taurus have purposely availed themselves of the privilege of conducting business in the State of Colorado; and

      c. Defendant Gilliland's intentional and deceitful interference with Plaintiff's business relationship constitutes the commission of tortious acts within the State.

3. Venue is proper under 28 U.S.C. § 1391, which provides that "a civil action may be brought in a judicial district in which a substantial part of events or omissions giving rise to the claim occurred," given that the conduct alleged was direct at or occurred in Colorado.

## II. GENERAL ALLEGATIONS

4. Mr. Purser is an individual with specialized knowledge of the real estate industry in Grand Junction, Colorado.

5. In 2012, Mr. Purser contacted Mr. Gilliland, intending to establish a mutually beneficial working relationship. The two later agreed to rezone the Taurus Properties, find a real estate investor to purchase the lots from Taurus, and find a local builder to develop those lots into small single-family homes. Mr. Purser was expected to perform all these tasks. Once the homes were constructed, Mr. Purser would then list and sell the homes.

6. Mr. Gilliland agreed to empower Mr. Purser to sell the homes for a commission as payment for his nearly ten years of labor in getting the lots rezoned, finding an investor, and identifying a builder.

7. Mr. Purser identified and forged a business relationship with Darin Carei, a builder who agreed to purchase and develop the lots.

8. Mr. Purser introduced Mr. Carei to Mr. Gilliland as part of their venture.

9. Gus Halandras, Chris Halandras, and Andy Peroulis (deceased) ("Halandras") are individuals who owned property legally described hereunder ("the Halandras Property"):

> LOT 2 CENTENNIAL COMMERCIAL CENTER SEC 5 1S 1W – 7704439 SF/ 176.87 AC M/L

10. In 2018, Mr. Purser identified the Halandras Property to Mr. Gilliland as a possible extension of their development project.

11. Mr. Gilliland indicated Taurus's interest in purchasing the Halandras Property to Mr. Purser, who maintained a business relationship with Halandras.

12. On May 24, 2018, Mr. Gilliland contracted to buy the Halandras Property from Halandras. The Contract is attached hereto and adopted by reference as **Exhibit A** (the "Contract").

13. On May 29, 2018, in an addendum to the Contract, attached hereto and adopted by reference as **Exhibit B** (the "Addendum"), Mr. Purser was named as a third-party beneficiary and promised compensation for his services in connection with the sale.

14. On January 27, 2020, Mr. Gilliland and Taurus informed Halandras they would be backing out of the sale, thereby breaching the Contract.

15. Mr. Purser fulfilled all duties identified by Mr. Gilliland and Taurus and worked diligently to achieve their joint goals until on or about February 22, 2021. The reasonable value of Plaintiff's services is approximately $10 million.

16. Mr. Gilliland wrongfully excluded Mr. Purser from the deal they had agreed upon, and instead worked directly with Mr. Carei to develop the Taurus Properties.

17. Mr. Gilliland unjustly paid nothing for Mr. Purser's valuable services, despite Mr. Purser's reasonable demands to be fairly compensated. Specifically, on April 7, 2022, Mr. Purser emailed a Demand Letter to Mr. Gilliland, attached hereto and adopted by reference as **Exhibit C** (the "Demand"), and Mr. Gilliland never responded.

### FIRST CLAIM FOR RELIEF
### (Breach of Third-Party Beneficiary Contract as to Taurus)

18. The Plaintiff incorporates the allegations in the preceding and following paragraphs as though fully set forth herein.

19. Defendant Gilliland, Defendant Taurus, and Halandras entered into a valid and enforceable agreement under which Mr. Purser was a named third-party

beneficiary. Per that agreement, Taurus agreed to pay Halandras for the Property, and Halandras agreed to pay Mr. Purser for his work in connection with the sale.

20. Per the agreement, Mr. Purser performed services to the mutual benefit of both parties in connection with the sale of the Property.

21. Defendant Taurus breached the agreement with Mr. Purser and Halandras in backing out of the sale.

22. As a direct and proximate result, Mr. Purser has been damaged by Defendant Taurus's breach of the agreement in the approximate amount of $260,000.00.

## SECOND CLAIM FOR RELIEF
### (Tortious Interference with Prospective Advantage as to Defendant Gilliland)

23. The Plaintiff incorporates the allegations in the preceding and following paragraphs as though fully set forth herein.

24. Mr. Purser entered a business relationship with Mr. Carei to develop the Taurus Properties, with the understanding that Mr. Purser would sell the finished homes.

25. Mr. Gilliland was aware of this relationship, given that Mr. Purser identified Mr. Carei to Mr. Gilliland as a potential builder who could develop the Taurus Properties.

26. Mr. Gilliland contacted Mr. Carei and contracted with him to develop the Taurus Properties without Mr. Purser, unlawfully circumventing Mr. Purser's agreed-upon role in the prospective contract or business opportunity he had set up with Mr. Carei.

27. Mr. Purser has been damaged by Defendant Gilliland's interference in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment as to all Defendants)

28. The Plaintiff incorporates the allegations in the preceding and following paragraphs as though fully set forth herein.

29. At the insistence and request of Mr. Gilliland, acting as the agent and sole member of Taurus, Mr. Purser provided labor and services which have improved the Taurus Properties.

30. Mr. Purser provided his services and labor with the reasonable expectation that he would be paid the reasonable value of those services and labor

31. When Mr. Gilliland and Taurus requested the services of Mr. Purser, and accepted those valuable services, Mr. Purser had the reasonable expectation that Mr. Gilliland and Taurus intended to pay him for his services and labor. Additionally, the Defendants provided Mr. Purser with every indication that they did, in fact, intend to compensate him for his valuable services and labor.

32. The circumstances make it unjust for Defendants Gilliland and Taurus to accept the benefits that Mr. Purser bestowed on them without just compensation.

33. The reasonable value of Mr. Purser's labor and services is $11,520,000, together with costs and interest.

**WHEREFORE, having stated the above facts and claims, Plaintiff Keith Purser prays for this Honorable Court to:**

a. Enter judgment in his favor and against Defendant Gilliland and Taurus in an amount to be determined at trial, together with interest thereon at the highest rate permitted by applicable law;

b. Award the Plaintiff all general, consequential, and compensatory damages, including interest and costs as allowable by law;

c. Award the Plaintiff moratory interest as additional damages to the extent allowable by law; and

d. Award the Plaintiff such other and further relief which this Court deems just and proper.

**Dated** this 14th day of September 2022.

          Respectfully Submitted,

          ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.

          */s/Patrick D. Vellone*

          Patrick D. Vellone, Colorado Bar No. 15284
          Lance Henry, Colorado Bar No. 50864
          1600 Stout Street, Suite 1900
          Denver, Colorado 80202
          (303) 534-4499
          PVellone@allen-vellone.com
          LHenry@allen-vellone.com

          *Attorneys for the Plaintiff*